1

2

3

4

5

6

7

8

9               UNITED STATES DISTRICT COURT

10              EASTERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12  LINDA BEREXA, | No. 2:24-cv-01154-JAM-DMC |
| 13          Plaintiff, | |
| 14      v. | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| 15  TARGET CORPORATION, and DOES 1 to 25, | |
| 16 | |
| 17          Defendants. | |

18      Before the Court is Target Corporation's (hereinafter,

19 "Defendant") motion to dismiss four of the five causes of action

20 in Linda Berexa's (hereinafter, "Plaintiff") First Amended

21 Complaint ("FAC").  See Mot., ECF No. 16; FAC, ECF No. 15.

22 Plaintiff opposed.  See Opp'n, ECF No. 18.  Defendant replied.

23 See Reply, ECF No. 19.  For the following reasons, Defendant's

24 motion is granted with prejudice.[1]

25 ///

26

27 ─────────────
[1]This motion was determined to be suitable for decision without
oral argument.  E.D. Cal. L.R. 230(g).  The hearing was
28 scheduled for September 24, 2024.

                              1

1          I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

2          Plaintiff originally filed suit in the Superior Court of

3    California, County of Butte.  See Notice of Removal, ECF No. 1.

4    Defendant then timely removed the case to federal court under

5    diversity jurisdiction.  See id.; see also 28 U.S.C. § 1441.

6          This controversy arises out of a personal injury that

7    Plaintiff suffered while at Defendant's store.  See FAC ¶ 9.

8    Plaintiff is an 80-year-old woman who is physically disabled due

9    to osteoarthritis and sciatica.  Id. ¶ 6.  Defendant is a

10   corporation that owns and operates the store where Plaintiff was

11   injured.  Id. ¶ 7.  While Plaintiff was standing in the check-out

12   line, an employee of Defendant drove a motorized accessibility

13   scooter into her shopping cart, which caused Plaintiff to fall

14   and sustain injuries.  Id. ¶ 9.

15         In the FAC, Plaintiff brings five causes of action:

16   (1) violation of Title III of the Americans with Disabilities Act

17   of 1990 ("ADA"); (2) violation of the California Disabled Persons

18   Act ("DPA"); (3) violation of the Unruh Civil Rights Act

19   ("Unruh"); (4) denial of full and equal access to a public

20   accommodation pursuant to California Health and Safety Code

21   Section 19955(a); and (5) personal injury.  FAC ¶¶ 15-50.

22   Defendant now moves to dismiss the first four causes of action,

23   arguing that Plaintiff has failed to plead necessary facts to

24   present plausible claims under these laws.  Mot. at 1-2.

25   Plaintiff counters that it has sufficiently pled these claims.

26   Opp'n at 2.

27   ///

28   ///

1                           II.   OPINION

2          A.   Legal Standard

3          A Rule 12(b)(6) motion challenges the sufficiency of a

4    complaint for "failure to state a claim upon which relief can be

5    granted."  Fed. R. Civ. P. 12(b)(6).  "To survive a motion to

6    dismiss [under 12(b)(6)], a complaint must contain sufficient

7    factual matter, accepted as true, to state a claim to relief

8    that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S.

9    662, 678 (2009) (internal quotation marks and citation omitted).

10   Plausibility requires "factual content that allows the court to

11   draw the reasonable inference that the defendant is liable for

12   the misconduct alleged."  Id.  While "detailed factual

13   allegations" are unnecessary, the complaint must allege more

14   than "[t]hreadbare recitals of the elements of a cause of

15   action, supported by mere conclusory statements."  Id.

16   Conclusory allegations are not to be considered in the

17   plausibility analysis.  Id. at 679 ("While legal conclusions can

18   provide the framework of a complaint, they must be supported by

19   factual allegations.").  When a plaintiff fails to "state a

20   claim upon which relief can be granted," the Court must dismiss

21   the case.  Fed. R. Civ. P. 12(b)(6).

22         B.   Americans with Disabilities Act

23         To prevail on a Title III claim, "the plaintiff must show

24   that (1) she is disabled within the meaning of the ADA; (2) the

25   defendant is a private entity that owns, leases, or operates a

26   place of public accommodation; and (3) the plaintiff was denied

27   public accommodations by the defendant because of her

28   disability."  Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th

1   Cir. 2007).

2       While Plaintiff has pled that she was disabled and that
3   Defendant operates a place of accommodation, she has not
4   sufficiently alleged that she was denied public accommodations
5   by Defendant because of her disability.  As Defendant points
6   out, the facts of this case have nothing to do with Plaintiff's
7   disability.  See Mot. at 5-6.  Defendant's employee driving a
8   motorized accessibility scooter into Plaintiff is wholly
9   disconnected from Plaintiff's physical disabilities.  Plaintiff
10  also does not allege that she otherwise requested a public
11  accommodation.  Indeed, nowhere in the FAC does Plaintiff allege
12  that Defendant denied her a public accommodation, much less that
13  it did so because of her disability.

14      Plaintiff focuses her opposition on statutory and Article
15  III standing, relying on the Ninth Circuit's decision in Chapman
16  v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939 (9th Cir. 2011).
17  See Opp'n at 5-8.  But this focus is misplaced.  Even if
18  Plaintiff has standing, she still fails to present a plausible
19  ADA claim because she has not alleged that she was denied public
20  accommodations because of her disability.  Even considering her
21  standing arguments in the context of denial of public
22  accommodations, Plaintiff still fails to present a plausible
23  claim.  In her discussion of Chapman, Plaintiff argues that she
24  has a mobility disability under the ADA and therefore can allege
25  an ADA violation that relates to her disability.  See id. at 7-
26  8. But, in order to maintain her ADA claim she must allege that
27  she requested a public accommodation, or that she was denied one
28  because of her disability. Plaintiff did not do this in her FAC.

4

1    Finally, relying on Baughman v. Walt Disney World Co., 685

2    F.3d 1131 (9th Cir. 2012), Plaintiff argues that Defendant

3    violated the ADA by allowing the use of motorized accessibility

4    scooters without first considering the safety factors listed in

5    28 C.F.R. Section 36.311(b).  See Opp'n at 9-10.  As Defendant

6    states, Plaintiff misconstrues Baughman.  See Mot. at 6.  In

7    Baughman, the plaintiff requested that the defendant modify its

8    policy to allow the use of a Segway.  Baughman v. Walt Disney

9    World Co., 685 F.3d at 1132.  Here, Plaintiff did not request a

10   modification, and therefore Baughman is inapposite.

11   For all the foregoing reasons, the Court grants Defendant's

12   motion to dismiss the FAC's first cause of action.

13   C.   California Disabled Persons Act

14   A violation of the ADA constitutes a violation of the DPA.

15   Cal. Civ. Code § 54.1(d).  To state a claim under the DPA

16   independent of the ADA, a plaintiff must plead that they were

17   denied equal access to a public space.  Cal. Civ. Code § 54(a)

18   ("Individuals with disabilities . . . have the same right as the

19   general public to the full and free use of . . . public

20   places."); see also Azocar v. Delta Air Lines, Inc., 562 F.

21   Supp. 3d 788, 795 (C.D. Cal. 2021).

22   Because Plaintiff has not pled a violation of the ADA, see

23   supra Part II.B, she must plead denial of equal access to a

24   public space.  See Cal. Civ. Code § 54(a).  But, as Defendant

25   points out, Plaintiff does not plead a violation of the DPA

26   separate from a violation of the ADA.  See Reply at 4.  Instead,

27   in the second count of the FAC, Plaintiff hinges her DPA claim

28   on her ADA claim.  FAC ¶ 33 ("The defendant also violated her

1  rights under the ADA, and, therefore, infringed upon or violated

2  (or both) Berexa's rights under the Disabled Persons Act.").

3  Plaintiff argues in her opposition that this allegation cannot

4  be read "in a vacuum" and that she has pled detailed facts as

5  for "her disabled status, the defendant's policies, and her

6  injuries as a result therefrom." <u>See</u> Opp'n at 11.  But even

7  accepting these factual allegations, this claim still fails for

8  the same reason her ADA claim fails: nowhere in the FAC does

9  Plaintiff allege that she was denied full and equal enjoyment of

10  Defendant's store.

11      Plaintiff further alleges that Defendant's policy allowing

12  motorized accessibility scooters violates the DPA.  <u>See id.</u>

13  This allegation appears unfounded, as Defendant argues that its

14  policy enables patrons with physical disabilities to enjoy full

15  and equal use of the store.  <u>See</u> Mot. at 9.  Regardless,

16  Plaintiff does not allege sufficient facts to show that

17  Defendant's policy denied her full and equal enjoyment of

18  Defendant's store.

19      Accordingly, the Court grants Defendant's motion to dismiss

20  the FAC's second cause of action.

21      D.  <u>Unruh Civil Rights Act</u>

22      California courts have long recognized "the general rule

23  that statutory causes of action must be pleaded with

24  particularity . . . [and] to state a cause of action against a

25  public entity, every fact material to the existence of its

26  statutory liability must be pleaded with particularity."  <u>Lopez</u>

27  <u>v. S. Cal. Rapid Transit Dist.</u>, 40 Cal. 3d 780, 795 (1985)

28  (internal quotation marks and citation omitted).  To state a

claim for discrimination under Unruh, the plaintiff must prove that the defendant denied full and equal accommodations to the plaintiff.  See Jud. Council of Cal. Civil Jury Instructions, CACI No. 3060 (Unruh Civil Rights Act—Essential Factual Elements)(2021).  "In general, a person suffers discrimination under the Act when the person presents himself or herself to a business with an intent to use its services but encounters an exclusionary policy or practice that prevents him or her from using those services."  White v. Square, Inc., 7 Cal. 5th 1019, 1023 (2019).

In the third count of the FAC, Plaintiff references California Civil Code Section 51, which states that all individuals with disabilities are entitled to the full and equal accommodations in all business establishments, and that no business shall discriminate based on disability.  FAC ¶¶ 36-38. However, as explained above, Plaintiff has not alleged that Defendant denied her full and equal accommodations.  See supra Part II.B-C.

Plaintiff also alleges that "architectural barriers are also present at the store" and that removal of these barriers would "make the store accessible to the physically disabled." FAC ¶ 13.  But Plaintiff does not allege that she encountered any architectural barriers that denied her full and equal enjoyment, which falls short of her requirement to plead with particularity.  See Lopez v. S. Cal. Rapid Transit Dist., 40 Cal. 3d at 795.

Because Plaintiff does not allege that "an exclusionary policy or practice" prevented her from using the services of

1    Defendant, she has not stated a claim for discrimination under

2    Unruh.  <u>See</u> <u>White v. Square, Inc.</u>, 7 Cal. 5th at 1023.

3    Accordingly, the Court grants Defendant's motion to dismiss the

4    FAC's third cause of action.

5         E.   <u>Full and Equal Access to a Public Accommodation</u>

6         In the FAC, Plaintiff does not allege a specific violation

7    of the Health and Safety Codes.  Instead, she references two

8    general provisions that require places of public accommodation

9    to be accessible.  First, Plaintiff alleges a violation of

10   Health and Safety Code Section 19955(a), which requires

11   adherence to California Government Code Section 4450, which in

12   turn requires all places of public accommodation to be

13   accessible to persons with disabilities.  <u>See</u> FAC ¶ 43; Cal.

14   Health & Safety Code § 19955(a); Cal. Gov. Code. § 4450.

15   Second, Plaintiff alleges a violation of Health and Safety Code

16   Section 19959, which states that all places of public

17   accommodation are subject to the requirements listed elsewhere

18   in the Code.  <u>See</u> FAC ¶ 44; Cal. Health & Safety Code § 19959.

19        As Defendant observes and as previously explained,

20   Plaintiff pleads no facts to show how Defendant's store is

21   inaccessible to customers with physical disabilities.  <u>See</u> <u>supra</u>

22   Part II.B-D; Mot. at 12.  Plaintiff contends that she need not

23   plead the existence of specific architectural barriers because

24   she can amend her complaint after discovery commences.  Opp'n at

25   13-14.  Plaintiff is incorrect. She must plead a violation of

26   the Health and Safety Codes to present a plausible claim.

27   Because she fails to plead with particularity any violation of

28   California Health and Safety Code, her claim must be dismissed.

1   See <u>Lopez v. S. Cal. Rapid Transit Dist.</u>, 40 Cal. 3d at 795.

2        Accordingly, the Court grants Defendant's motion to dismiss

3   the FAC's fourth cause of action.

4        F.   <u>Leave to Amend</u>

5        A court granting a motion to dismiss a claim must then

6   decide whether to grant leave to amend.  Leave to amend should

7   be "freely given" where there is no "undue delay, bad faith or

8   dilatory motive on the part of the movant, . . . undue prejudice

9   to the opposing party by virtue of allowance of the amendment,

10  [or] futility of [the] amendment . . . ."  <u>Foman v. Davis</u>, 371

11  U.S. 178, 182 (1962).  However, leave to amend need not be

12  granted where amendment is "futile."  <u>AmerisourceBergen Corp. v.</u>

13  <u>Dialysist W., Inc.</u>, 465 F.3d 946, 951 (9th Cir. 2006).  Indeed,

14  "[a]n amendment is futile when no set of facts can be proved

15  under the amendment to the pleadings that would constitute a

16  valid and sufficient claim."  <u>Missouri ex rel. Koster v. Harris</u>,

17  847 F.3d 646, 656 (9th Cir. 2017) (internal quotation marks and

18  citation omitted).

19       Here, leave to amend is futile.  Plaintiff requested leave

20  to file the FAC.  <u>See</u> Motion to Amend Compl., ECF No. 8.  In its

21  opposition to Plaintiff's request, Defendant presented similar

22  arguments as in its present motion regarding the first four

23  causes of action, putting Plaintiff on notice of the deficiencies

24  in the FAC.  <u>See</u> Opp'n to Motion to Amend Compl., ECF No. 10.  In

25  granting Plaintiff leave to amend, the Court stated that

26  "Defendant's futility arguments are better suited for a fully-

27  briefed dispositive motion."  <u>See</u> Minute Order, ECF No. 14.

28  Having considered the fully brief instant motion, the Court finds

9

1  that "amendment is futile" because "no set of facts can be proved
2  under the amendment to the pleadings that would constitute a
3  valid and sufficient claim" for the first four causes of action.
4  See Missouri ex rel. Koster v. Harris, 847 F.3d at 656.
5  Plaintiff requested the "opportunity to 'fine-tune' her
6  pleading." See Opp'n at 14.  But the first four counts cannot be
7  fine-tuned to state plausible claims because Plaintiff cannot
8  plausibly plead that she was denied full and equal use of public
9  accommodations based on the facts of this case. The Court denies
10 Plaintiff's request for a third bite at the apple. There are no
11 additional factual allegations that can be plead which might
12 magically turn this run of the mill personal injury case into an
13 ADA, DPA, Unruh Act or Public Accommodation case.

14                          III.   ORDER

15     For the reasons set forth above, Defendant's motion to
16 dismiss the first four causes of action in the FAC is GRANTED
17 WITHOUT LEAVE TO AMEND.

18     Defendant shall file its Answer to the only remaining count—
19 the fifth cause of action for personal injury— within fourteen
20 (14) days of this Order.

21     IT IS SO ORDERED.

22 Dated:  October 1, 2024

23
24                                    _____
25                                    JOHN A. MENDEZ
                                     SENIOR UNITED STATES DISTRICT JUDGE
26
27
28

                                    10